IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| PUBLIX SUPER MARKETS, INC. | |
| Defendant. | |

## COMPLAINT

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Guy Usher. As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission (Commission) claims Defendant-Employer Publix Super Markets, Inc., (Defendant-Employer or Publix), refused to provide a religious accommodation to Guy Usher (Usher), a Rastafarian and constructively discharged him from his employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Tennessee.

## PARTIES

3. Plaintiff is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant-Employer, a Florida corporation, has continuously been doing business in the State of Tennessee and the City of Nashville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant-Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than 30 days prior to the institution of this lawsuit, Mr. Usher filed a charge of discrimination with the Commission alleging violation of Title VII by Defendant-Employer.

7. On July 26, 2017, the Commission issued to Defendant-Employer a Letter of Determination finding reasonable cause to believe Defendant Employer violated Title VII and inviting Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant-Employer to provide Defendant Employer the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant-Employer a conciliation agreement acceptable to the Commission.

10. On August 31, 2017, the Commission issued to Defendant-Employer a Notice of Failure.

11. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

## FAILURE TO PROVIDE A REASONABLE ACCOMMODATION

12. Since at least January 2017, Defendant-Employer engaged in unlawful employment practices at its Store #1211 (Store), located at 4324 Harding Pike, Nashville, TN 37205, in violation of Section 703 of Title VII, 42 U.S.C. 2000e-2(a)(1).

13. The unlawful employment practices include failing to provide a reasonable accommodation to Usher to allow him to wear his hair in dreadlocks in accordance with his religious beliefs.

(a) Guy Usher is a twenty-eight-year-old African-American male and a resident of Nashville, Tennessee.

(b) Usher practices Rastafarianism as his sincerely held religious belief.

(c) Usher's religious practices as a Rastafarian include prayer, non-consumption of alcohol or pork, and maintaining his hair in dreadlocks.

(d) On or about January 8, 2017, while shopping at the Store, Usher was approached by a recruiter and encouraged to apply for a job at the Store.

(e) On January 9, 2017, Usher applied for a part-time position at the Store.

(f) On the same day, Publix's Assistant Store Manager, Kayla McKee (McKee), interviewed Usher in the Store.

3

(g) McKee considered Usher for two open positions, one as a Part-time Cashier and one as a Part-time Produce Clerk.

(h) McKee also had Usher speak to the Store's Customer Service Manager, Cassandra Johnson.

(i) At the conclusion of the January 9, 2017 interview, McKee told Usher he would have to cut his hair to work at Publix.

(j) Publix's Appearance Standards prevent men from wearing their hair longer than the collar of their shirt.

(k) Usher informed McKee that he could not cut his hair because it is against his religion and asked if he could wear his hair inside a hat. McKee then said she would have to check with her store manager about it and get back to him.

(l) On January 10, McKee called Usher. McKee offered Usher employment as either a Cashier or Produce Clerk.

(m) McKee told Usher Publix could not accommodate his religious beliefs by allowing an exception to its Appearance Standards.

(n) On this call, Usher refused Publix's offer of employment.

(o) Usher felt the events of January 10 constituted unlawful discrimination. He accordingly called McKee back that same day, accepted the part-time Produce Clerk position, and scheduled a drug screen for January 11.

(p) On this phone call, Usher again referenced his religion and equal-employment-opportunity laws and asked if Publix will still require him to cut his hair.

(q) McKee unambiguously stated, "Yes," in response to Usher's question.

(r) Usher went to the Store for his drug screening on January 11. Usher informed McKee he would rather work as a Cashier than as a Produce Clerk and completed the drug screen.

(s) Several days after January 11, Usher called the Store and asked to speak to McKee. McKee was not available, so Usher asked to speak to Johnson.

(t) During the call, Usher told Johnson he felt uncomfortable cutting his hair for religious reasons.

(u) Johnson asked Usher if he wanted Publix to withdraw its offer of employment, and Usher replied in the affirmative.

14. The effect of the practices complained of in paragraphs 13(a)-(u) above has been to deprive Guy Usher of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion.

15. The unlawful employment practices complained of in paragraphs 13(a)-(u) above were intentional.

16. The unlawful employment practices complained of in paragraphs 13(a)-(u) above were done with malice or with reckless indifference to the federally-protected rights of Guy Usher.

## DISCHARGE/CONSTRUCTIVE DISCHARGE

17. Since at least January 2017, Defendant-Employer engaged in unlawful employment practices at its Store #1211 (Store), located at 4324 Harding Pike, Nashville, TN 37205, in violation of Section 703 of Title VII, 42 U.S.C. 2000e-2(a)(1).

5

18. The unlawful employment practices include, constructively discharging Usher because he refused to cut his dreadlocks due to his religious beliefs.

    (a) The Commission incorporates by reference, paragraphs 13 a thru u.

    (b) Before Defendant-Employer offered Usher employment and after Defendant-Employer offered Usher employment, Defendant-Employer knew Usher sincerely believed he could not cut his hair due to his religious beliefs.

    (c) Defendant-Employer did not offer any religious accommodation to Usher for his religious beliefs.

    (d) Defendant withdrew the offer of employment to Usher because his religious beliefs conflicted with Defendant-Employer's Appearance Standards.

19. The unlawful employment practices complained of in paragraphs 18 above were intentional.

20. The unlawful employment practices complained of in paragraphs 18 above were done with malice or with reckless indifference to the federally-protected rights of Guy Usher.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant-Employer, Publix Super Markets, Inc., its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying reasonable accommodations on account of religion and from constructively discharging employees because of their religious beliefs in violation of Title VII of the Civil Rights Act of 1964.

B. Order Defendant-Employer, Publix Super Markets, Inc., to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons who

6

Case 3:17-cv-01308   Document 1   Filed 09/26/17   Page 6 of 8 PageID #: 6

may need reasonable accommodations on account of religion and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendant-Employer, Publix Super Markets, Inc., to make whole Guy Usher by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to interest, in amounts to be determined at trial.

  D. Order Defendant-Employer, Publix Super Markets, Inc., to make whole Guy Usher by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13 and 18 above, including job search expenses, in amounts to be determined at trial.

  E. Order Defendant-Employer, Publix Super Markets, Inc., to make whole Guy Usher by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 13 and 18 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant-Employer, Publix Super Markets, Inc., to pay Guy Usher punitive damages for its malicious and reckless conduct, as described in paragraphs 13 and 18 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

7

Case 3:17-cv-01308   Document 1   Filed 09/26/17   Page 7 of 8 PageID #: 7

**JAMES L. LEE**
Acting General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 11730

**GERALD L. THORNTON, SR.**
Supervisory Trial Attorney
TN Bar No. 015898

/s Steven W. Barnat
**STEVEN W. BARNAT**
Trial Attorney
TN Bar No. 028047

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Ave., Suite 900
Memphis, TN 38104
(901) 544-0075